■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. [952 NYS2d 438]—

The court should not have permitted the psychiatrist who treated defendant to testify about defendant's admissions of sexual abuse. Although the psychiatrist made a proper disclosure of the abuse (*see Tarasoff v Regents of Univ. of Cal.*, 17 Cal 3d 425, 431, 432, 435, 440-442, 551 P2d 334, 340, 341, 342-343, 346-348 [1976]; *People v Bierenbaum*, 301 AD2d 119, 141-142 [1st Dept 2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]), the *Tarasoff* disclosure did not operate as a waiver of the physician-patient privilege (*see United States v Hayes*, 227 F3d 578 [6th Cir 2000]; *but see United States v Auster*, 517 F3d 312 [5th Cir 2008], *cert denied* 555 US 840 [2008]). This privilege (*see* CPLR 4504) is broadly construed, and it does not contain a general public interest exception (*see People v Sinski*, 88 NY2d 487, 494-495 [1996]). We note that *Bierenbaum* did not involve testimony by the defendant's psychiatrist.

In this case, the psychiatrist's testimony was arguably the most damaging evidence against defendant, and we do not find its admission to be harmless.

In light of this determination, we find it unnecessary to reach any other issues. Concur—Andrias, J.P., Friedman, Moskowitz, Freedman and Manzanet-Daniels, JJ.